UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE SIMPSON, ET AL,

    Plaintiffs,

vs                                                            Case No: 09-14619
                                                           Honorable Victoria A. Roberts

AMERITECH PUBLISHING, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

In this employment discrimination case, Defendant seeks summary judgment with respect to all counts of Plaintiffs' Complaint. Plaintiff Valerie Simpson did not oppose Defendant's request that the Court grant it summary judgment on her claims of disability discrimination (Count I), disability/hostile work environment (Count II), and retaliation (Count III). Her husband, Plaintiff Daniel Simpson, did not respond to Defendant's arguments in favor of summary judgment on his loss of consortium claim (Count IV). Accordingly, the Court **GRANTS** Defendant's motion with respect to these claims. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Plaintiff Valerie Simpson did oppose Defendant's request for summary judgment with respect to her failure to accommodate claim (part of Count III).

**II.    STANDARD OF REVIEW**

Summary judgment is appropriate when "the movant shows that there is no

1

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "As the moving party, Defendant[ ] bear[s] the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim." *Moses v. Providence Hosp. and Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009).

"Plaintiff, as the non-moving party, must then present sufficient evidence from which a jury could reasonably find for [her]." *Id.* To do this, Plaintiff must establish more than some "metaphysical doubt" as to the material facts. *Matsushita*, 475 U.S. at 586. It must show that there is a *genuine* issue for trial. *Id.* at 587. Plaintiff must establish a genuine issue with specific facts and affirmative evidence; [she] "may not rest upon mere allegation or denials . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 257 (1986). And, "[c]onclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not enough to defeat a well-supported motion for summary judgment." *Gooden v. City of Memphis Police Dept.*, 67 Fed. Appx. 893, 895 (6th Cir. June 17, 2003). "The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion." *Golliday v. Chase Home Fin., LLC*, 761 F.Supp.2d 629, 634 (W.D. Mich. 2011) (citing *Matsushita*, 475 U.S. at 587 and *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008)).

Under FED. R. CIV. P. 56(c)(1):

A party asserting that a fact cannot be or is genuinely disputed must

support the assertion by: (A) citing to particular parts of materials in the
record, including depositions, documents, electronically stored
information, affidavits or declarations, stipulations (including those made
for purposes of the motion only), admissions, interrogatory answers, or
other materials; or (B) showing that the materials cited do not establish the
absence or presence of a genuine dispute, or that an adverse party
cannot produce admissible evidence to support the fact.

Applying this standard of review, the Court finds that Defendant is entitled to summary judgment on Plaintiff Valerie Simpson's failure to accommodate claim.

## III. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

The narrow issue is whether the law required Defendant to find a position to which Plaintiff could be reassigned, even though it appears that Defendant reasonably accommodated Plaintiff in her existing telephone sales representative position so that she could perform the essential functions of that job. The requested accommodations which Defendant supplied included accommodations for medical restrictions, training, special software and a reduction in Plaintiff's call time requirements.

Plaintiff was informed that if equipment and other options could be implemented that would enable her to perform her existing job, Defendant would not engage in a search for another job for her. Under these circumstances, Defendant did all that was required of it. Plaintiff is not entitled to reassignment if she can be accommodated in her current job. *Bratten v. SSI Services, Inc.*, 185 F3d 625, 633-34 (6th Cir. 1999) (The "ADA required an employer to consider reassignment to a vacant position if the disabled employee cannot be reasonably accommodated in his or her current job.") Other cases have held that reassignment is an accommodation of last resort, to be considered only after other efforts at accommodations have failed. *Aka v. Washington Hosp. Ctr.*, 156

3

F.3d 1284, 1301 (D.C. Cir. 1998); *Cravens v. Blue Cross & Blue shield fo Kansas City*, 214 F.3d 1011, 1019 (8th Cir. 2000). Cases cited by Plaintiff Valerie Simpson are not to the contrary.

Plaintiff presents no evidence that she could not perform her job as a telephone sales representative with the accommodations Defendant put in place for her. Nor does she present any evidence that she told Defendant that the accommodations they put in place for her did not work and that only a reassignment could reasonably accommodate her.

Finally, with respect to any position to which she could be assigned, Plaintiff does have the burden to prove that reassignment was possible and reasonable. Plaintiff says in her Response Brief, that she "raises no argument as to this legal proposition." Response Brief, p. 7. Nonetheless, Plaintiff presents no evidence to substantiate her burden.

The Court finds there is no genuine issue of material fact; Defendant is entitled to judgment as a matter of law.

**IT IS ORDERED.**

                                                /s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: April 4, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 4, 2012.
>
> S/Linda Vertriest
> Deputy Clerk